Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148
Phone: (800) 400-6808 x7
mkind@kazlg.com
*Attorneys for Plaintiff David Brodeur individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| David Brodeur, *individually and on behalf of all others similarly situated*,<br><br>                  Plaintiff,<br>v.<br><br>Cox Communications, Inc.<br><br>                  Defendant. | Case No. 2:18-cv-24<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. This Complaint arises out of unlawful, unfair and deceptive trade practices, breaches of contract, and fraudulent misrepresentations committed by Defendant Cox Communications, Inc. ("Defendant"), a provider of internet and television services, causing harm to Plaintiff David Brodeur ("Plaintiff").

2. Plaintiff seeks actual damages, consequential damages and punitive damages in an amount sufficient to penalize Defendant and to deter others from like wrongful conduct, as well as Plaintiff's attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because the matter in controversy exceeds the value of $5,000,000, exclusive of interest and costs, and is a class action in which Plaintiff and Defendant are citizens of different states.

4. This Court has subject matter jurisdiction over supplemental state claims stated herein under 28 U.S.C. § 1367(a).

5. Defendant is subject to personal jurisdiction in the State of Nevada, and venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. §1391, because Defendant does considerable business in Nevada; this case arises out of conduct taken by Defendant in Nevada or which specifically and purposefully targeted and affected individuals located in Nevada; and this case arises in part out of a contract entered into in Nevada.

## PARTIES

6. Plaintiff is an individual and a resident of Clark County, Nevada.

7. Upon information and belief, Defendant's website is cox.com.

8. Upon information and belief, Defendant offers internet, phone and television services to millions of consumers nationwide.

9. Upon information and belief, Defendant is incorporated in the State of Delaware.

10. Upon information and belief, Defendant's principal place of business is in Atlanta, Georgia.

11. Defendant operates its business in Las Vegas, Nevada, and around the country.

12. All of the acts and failures to act alleged herein were duly performed by and are attributable to Defendant, acting by and through its agents and employees. These acts and failures to act were within the scope of Defendant's agency

and/or employment, and Defendant ratified these unlawful acts and omissions.

## FACTUAL ALLEGATIONS

13. On November 9, 2017, Defendant sent a promotional email ("the promotional email") to Plaintiff containing the subject line "Ready to Reconnect with Cox, David?" and several offers for internet and television service.

14. One of the offers in the promotional email ("the offer") appeared as follows:





**OFFER CODE: BN172LX24 / BB71HW2100**

15. The promotional email contained two links ("the links") in the form of buttons stating "RECONNECT NOW" and "ORDER NOW."
16. Plaintiff clicked on both links, desiring to accept the offer of (a) a $100 gift card; (b) 220+ channels; and (c) Free DVR Service for the monthly price of $89.99.
17. Neither link automatically provided Plaintiff with an option to accept the offer; instead, both directed Plaintiff to a generic page on Defendant's website ("the website").
18. The website gave Plaintiff the option to enter a promotional offer code.
19. Plaintiff manually entered both offer codes referenced in the offer ("the offer codes").
20. The website did not recognize the offer codes and would not provide Plaintiff with the terms of the offer Plaintiff had been emailed in the promotional email.
21. Plaintiff then called Defendant, stated that he wished to accept the offer, and provided Defendant's agent with the offer codes.
22. Defendant's agent agreed to provide Plaintiff with the offer Plaintiff requested; the offer Plaintiff had received in the promotional email.
23. Plaintiff opted out of the arbitration provision in Defendant's standard form contract.
24. Defendant initiated internet and television service for Plaintiff at a price of $89.99.
25. However, Defendant failed to provide Plaintiff with (a) the $100 gift card; (b) 220+ channels; and (c) Free DVR Service.
26. When Plaintiff noticed that he did not get what he was promised, Plaintiff called Defendant to complain about Defendant's failure to honor its end of the agreement.

27. Defendant's agent told Plaintiff that Plaintiff was not entitled to (a) the $100 gift card; (b) 220+ channels; or (c) Free DVR Service.
28. Defendant stated that the $100 gift card was not part of the promotion.
29. Defendant stated that 220+ channels was for the "silver" plan and the price Defendant paid of $89.99 was for the "bronze" plan which only came with 140 channels.
30. Defendant stated that none of its plans come with free DVR service.
31. Plaintiff repeatedly called Defendant, messaged Defendant on Defendant's online messaging platforms, and went into one of Defendant's stores to complain, to no avail.
32. On one phone call with Defendant Plaintiff was transferred to a supervisor who stated regarding the free DVR service, "you are the first person to complain about this and we've sold this package to millions of people."
33. To this day Defendant refuses to honor its agreement with respect to (a) the $100 gift card; (b) 220+ channels; and (c) Free DVR Service.
34. Upon information and belief, as of the writing of this Complaint Defendant is offering only two packages on its website for internet and television service that come with more than 220 channels: the "Gold Duo" package listed at $129.99 per month for 12 months and the "Gold Duo with Gigablast" package listed at $149.99 per month for 12 months.
35. Thus in order for Plaintiff to receive the number of channels he bargained for, and as deceptively advertised by Defendant, he would be forced to pay at least an additional $40 per month for 24 months, or $960.
36. Upon information and belief, Defendant charges $12.99 for its "Record 2 DVR" service which allows the user to record two shows at once, and $19.99 per month for its "Record 6 DVR" service which allows the user to record six shows at once.

37. Thus in order for Plaintiff to receive the two years of "free" DVR service Defendant advertised and Plaintiff bargained for Plaintiff would be forced to pay at least an additional $12.99 for 24 months, or $311.76.

38. Thus, calculating the value of (a) the $100 gift card; (b) 220+ channels; and (c) Free DVR Service, Plaintiff has incurred actual damages in an amount not less than $1,371.76.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class" or "the Classes").

40. Plaintiffs represents, and is a member of two Classes, consisting of

**Class One:**

All persons within the State of Nevada who accepted an offer from Defendant within the four years prior to the filing of this Complaint with substantially similar terms to the following:



**OFFER CODE: BN172LX24 / BB71HW2100**

**Class Two:**

All persons within the United States of America who accepted an offer from Defendant within the six years prior to the filing of this Complaint with substantially similar terms to the following, and opted out of arbitration:



**OFFER CODE: BN172LX24 / BB71HW2100**

41. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but estimates that the members of Class One number in the thousands, and the members of Class Two in the hundreds or thousands. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

42. Plaintiff and members of the Classes were harmed by the acts of Defendant by losing the benefits of their bargain, namely the not-less-than $1,371.76 value of (a) the $100 gift card; (b) 220+ channels; and (c) Free DVR Service.

43. This suit seeks only injunctive relief and damages for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over any questions which may affect individual Class members.

46. As someone who has accepted the offer from Defendant within the State of Nevada, Plaintiff asserts claims that are typical of both Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes and Plaintiff has no interests antagonistic to any member of the Classes.

47. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action,

the classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48. Plaintiffs have retained counsel experienced in handling class action claims and claims involving breach of contract, fraud and violations of NRS 598.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with the law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum economic damages in an individual action is minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in numerous individual claims.

**FIRST CAUSE OF ACTION—CLASS ONE**

**VIOLATIONS OF NRS CHAPTER 598**

50. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

51. NRS 598.0915(9) includes in the definition of a person who engages in a deceptive trade practice one who "[a]dvertises goods or services with intent not to sell or lease them as advertised."

52. Defendant knowingly violated NRS 598.0915(9) by advertising a price of $89.99 for (a) the $100 gift card; (b) 220+ channels for two years; and (c) Free DVR Service, with intent not to honor this advertisement.

53. NRS 598.0915(15) includes in the definition of a person who engages in a deceptive trade practice one who "[k]nowingly makes any other false representation in a transaction."

54. Defendant knowingly violated NRS 598.0915(15) by falsely representing to Plaintiff, and all others similarly situated, that it would provide Plaintiff, and all others similarly situated, (a) the $100 gift card; (b) 220+ channels for two years; and (c) Free DVR Service, for a price of $89.99 per month.

55. Defendant similarly violated NRS 598.0917(4), (6) and (7) by employing bait and switch advertising; offering to sell Plaintiff, and all others similarly situated, goods and services for $89.99 and not in fact tendering them.

56. NRS 41.600(1) states that an action may be brought by any person who is a victim of consumer fraud.

57. NRS 41.600(2) defines "consumer fraud" as a "deceptive trade practice" as defined in NRS 598.0915 to NRS 598.0925.

58. The arbitration clause contained in Defendant's "Residential Customer Service Agreement" has no bearing on this cause of action as NRS 41.600(4) states that "[a]ny action brought pursuant to this section is not an action upon any contract underlying the original transaction."

59. Plaintiff, and all others similarly situated, are entitled to recover actual damages pursuant to NRS 41.600(3)(a) in an amount to be determined at trial, not less than $1,371.76 each.

60. Defendant's conduct was oppressive, malicious, and fraudulent such that an award of punitive damages under NRS 42.005(b) is justified in order to penalize Defendant and deter others from like conduct.

61. Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to NRS 41.600(3)(c).

## SECOND CAUSE OF ACTION—CLASS TWO
## BREACH OF CONTRACT

62. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

63. Plaintiff, and all others similarly situated, and Defendant entered into valid and existing contracts ("the Contract") in which Defendant offered to give Plaintiff, and all others similarly situated, (a) the $100 gift card; (b) 220+ channels for two years; and (c) Free DVR Service for two years in exchange for $89.99 per month, and Plaintiff, and all others similarly situated, accepted the offer.

64. Plaintiff, and all others similarly situated, fulfilled all of their obligations under the Contract.

65. Under the Contract, Defendant was required to provide Plaintiff, and all others similarly situated, (a) the $100 gift card; (b) 220+ channels for two years; and (c) Free DVR Service.

66. Defendant breached the Contract by failing to fulfill its obligations under the Contract.

67. Specifically, Defendant breached the Contract by failing to provide Plaintiff, and all others similarly situated, (a) the $100 gift card; (b) 220+ channels for two years; and (c) Free DVR Service.

68. Defendant's conduct was oppressive, malicious, and fraudulent such that an award of punitive damages is justified in order to punish Defendant and deter others from like conduct.

### THIRD CAUSE OF ACTION—CLASS TWO
### FRAUDULENT MISREPRESENTATION

69. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

70. "In Nevada, fraudulent misrepresentation occurs when a false representation is made with knowledge or belief that it is false, or with an insufficient basis of information for making the representation, and with intent to induce the plaintiff to act, and the plaintiff relies on the misrepresentation with resulting damages." *Jordan v. State ex rel. DMV & Pub. Safety*, 121 Nev. 44, 75 (2005).

71. Other states define fraud similarly.

72. Upon information and belief, Defendant purposefully deceived Plaintiff, and all others similarly situated, into accepting the offer while it knew it would not honor the offer's terms.

73. Upon information and belief, Defendant made the false representations in this bait and switch advertising scheme with intent to induce Plaintiff, and all others similarly situated to act; specifically, with intent to induce Plaintiff, and all others similarly situated to switch to Defendant's internet and television service company.

74. Plaintiff, and all others similarly situated, relied on these false representations when they in fact accepted or attempted to accept the offer.

75. As a result of Defendant's fraudulent misrepresentations, Plaintiff, and all others similarly situated have been induced to enter into void contracts which have caused them economic loss.

76. Defendant's conduct was oppressive, malicious, and fraudulent such that an award of punitive damages is justified in order to penalize Defendant and deter others from like conduct.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant Plaintiff the following relief against Defendant:

- Injunctive relief;
- Actual damages in an amount to be determined at trial but not less than $1,371.76 if no injunctive relief is granted, or in an amount to be determined at trial as measured against any injunctive relief granted;
- Punitive damages in an amount sufficient to punish Defendant and to deter others from like conduct;
- Attorneys' fees and costs; and
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

77. Pursuant to the Constitution of the United States and the Constitution of the State of Nevada, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 5th day of January 2018.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148
*Attorneys for Plaintiff*